8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efren TORIBIO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Oct. 13, 1993.
 
 1
 Before: HALL, RYMER, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Efren Vista Toribio petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his request for political asylum and withholding of deportation. He argues that the evidence presented fulfilled the fear of persecution and clear probability standards required for relief under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h). We find that Toribio has not established past persecution, a well-founded fear of future persecution or a clear probability of persecution. Consequently, we hold that the decision of the BIA is supported by substantial evidence.
 
 I.
 
 4
 In support of his request for asylum and withholding of deportation, Toribio alleges past persecution and fear of future persecution by the Philippine government and military due to his former membership in the National Youth Movement ("NYM"). Toribio testified that he was a member of NYM from 1969 to 1973, and that the group was perceived as subversive by the Marcos regime, which remained in power until 1986.
 
 
 5
 Toribio testified that he was detained and physically abused by the military in 1970 for his activities with the NYM. He further asserts that in 1985, he was again detained and beaten by military forces who tried to make him confess to committing a drug offense. He was brought before a court of law and released from custody 2-3 weeks later. Toribio attributed both of these two detentions to his former membership in the NYM.
 
 
 6
 Despite the ousting of the Marcos regime and the lack of trouble aside from the 1970 and 1985 incidents, Toribio claims he is still in danger. He testified that relatives in the Philippines have informed him that military forces came looking for him in 1990 due to his past affiliations.
 
 
 7
 The immigration judge denied Toribio's request for asylum and withholding of persecution. The BIA reached the same conclusion, stating that Toribio failed to demonstrate past persecution, a well-founded fear of future persecution or a clear probability of persecution.
 
 
 8
 We review the BIA's denial of asylum and withholding of deportation claims for substantial evidence. Arriaga-Barrientos v. INS, 937 F.2d 411, 413 (9th Cir.1991). "To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it...." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 II.
 A. Asylum under Section 208(a)
 
 9
 The Attorney General has discretion under Section 208(a) of the INA, 8 U.S.C. § 1158(a) to grant political asylum if the alien is a refugee. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). Refugee status is granted to those aliens who show "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Thus, while eligibility for asylum can rest on either past persecution or a well-founded fear of future persecution, the persecution must be on account of one of the five grounds specified in § 1101. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 10
 The test for refugee status consists of two factors: (1) whether the alien has a subjective fear of persecution and (2) whether this fear has an objective basis that can be considered reasonable. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). The subjective component "requires a showing that the alien's fear is genuine." Id. The objective component requires that the alien present "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." Estradas-Posas, 924 F.2d at 918.
 
 
 11
 Toribio contends that the BIA erred in failing to find either past persecution or a well-founded fear of future persecution. However, the record provides substantial evidence supporting the decision below. Although not dispositive, the Board properly considered that Toribio's membership in the NYM ceased roughly twenty years ago and that both alleged detentions took place while the Marcos regime was still in power. Toribio relies on the U.S. State Department's Country Report on Human Rights Practices for 1991 for the proposition that the current government in the Philippines does not prosecute abuses by the military. However, Toribio failed to present specific evidence that either the current government or the military would have an interest in persecuting him if he were to return to the Philippines.
 
 
 12
 Toribio's argument that he is still in danger is based primarily on letters written from relatives in the Philippines that military forces came looking for him in 1990. However, he failed to produce these letters as evidence and, according to the BIA, his testimony was "devoid of facts indicating the frequency or contents of these threats, and of the exact circumstances surrounding them."[1]
 
 
 13
 The decision of the BIA is further supported by Toribio's admission that he experienced no problems between 1970 and 1985. During this time period, Toribio was a ship's crewman and upon reentry into the Philippines, had to pass through inspection with his passport on four separate occasions. He passed through each inspection without incident. The record contains substantial evidence to support the BIA's finding that no well-founded fear of persecution exists.
 
 
 14
 There is also substantial evidence in the record to support the BIA's conclusion that Toribio did not suffer past persecution due to his political opinions. More specifically, the BIA found that the 1985 detention was a criminal arrest, unrelated to Toribio's participation in the NYM some twelve years earlier. The record reveals that, aside from his own assertions, Toribio presented no proof that the incident was related to his prior political affiliations. In fact, Toribio's own testimony indicates that he was brought before a court of law, charged with drug related activity, and presented with inculpatory evidence. The presence of indicia of a formal criminal arrest support the BIA's decision that the incident did not result from Toribio's prior political activity.
 
 
 15
 B. Withholding of deportation under Section 243(h)
 
 
 16
 Section 243(h) of the INA prohibits the Attorney General from deporting any alien to a country where the alien's life or freedom would be threatened "on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1253(h). In order to qualify for withholding of deportation under section 243(h), an alien must demonstrate a "clear probability" that his life will be threatened based on one of these factors. Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988). The clear probability standard is satisfied only where the alien shows that it is "more likely than not" that he will be persecuted. INS v. Stevic, 467 U.S. 407, 424 (1984).
 
 
 17
 It is well settled law that the well-founded fear standard applicable to Section 208 asylum claims is more liberal than the clear probability standard. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-49 (1986). Therefore, "Having concluded that substantial evidence supports the BIA's determination that [petitioner] does not qualify for asylum, a fortiori the BIA's determination denying withholding of deportation was also correct." Rodriguez-Rivera v. INS, 848 F.2d 998, 1007 (9th Cir.1988). This reasoning applies here and Toribio's claim that he satisfied the clear probability standard and is entitled to a withholding of deportation must also fail.
 
 
 18
 The petition for review of the Board of Immigration Appeal's decision is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The immigration judge similarly commented on Toribio's lack of specificity, questioning if he was "completely clear on his circumstances as he's recounting them here."